IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | C/A No.: 1:10-1909-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Rivera; Associate Warden Weir; | ) | |
| Assist. Wittman; Dr. Phillipes; | ) | |
| Commander Brady; Commander Glenn; | ) | |
| Mr. Agrline; D. Couick; Officer Ms. | ) | |
| Venton; Officer Ms. Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Nathaniel Singleton, proceeding *pro se*, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff is an inmate at the Federal Correctional Institution (FCI) in Estill, South Carolina, a facility of the Bureau of Prisons (BOP). Before the court is Defendants' Motion to Dismiss [Entry #22]. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion to dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.     Factual and Procedural Background

Plaintiff filed his complaint in this action on July 26, 2010 [Entry #1]. Defendants' motion to dismiss was filed on December 30, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond

adequately to Defendants' motion [Entry #23]. Plaintiff filed a response in opposition to Defendants' motion on February 9, 2011 [Entry #27] and the motion is ripe for review. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion to dismiss be denied.

II.     Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. Proc. 12(b). This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. P. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

3

III.  Analysis

Plaintiff has brought suit against employees of the BOP. As such, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *Farmer v. Brennan*, 511 U.S. 825 (1994).

A.  Exhaustion of Administrative Remedies

Defendants have moved to dismiss the complaint based in part on the defense of Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The BOP has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id*. If dissatisfied with the response, the inmate may appeal to the regional director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the general counsel. *Id.* Appeal to the general counsel is the final level of agency review. 28 C.F.R. §542.15(a).

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. *Jones*, 549 U.S. at 204. It also has the potential to reduce the number of inmate suits and to improve

5

the quality of suits that are filed by producing a useful administrative record. *Id.*; *Woodford*, 548 U.S. at 94–95. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved. *Woodford*, 548 U.S. at 95.

In the instant case, Plaintiff filed a Request for Administrative Remedy on October 4, 2010 with the Warden at FCI Estill. [Entry #22-1 at 4]. On October 15, 2010, the Warden responded to Plaintiff's request and denied the relief he was seeking. *Id.* at 5. Plaintiff subsequently filed a regional administrative remedy appealing the Warden's decision that was rejected and returned to Plaintiff because it was illegible. *See* Mot. to Dismiss at 7 [Entry #22]; Pl.'s Opp. at 4 [Entry #27]. Plaintiff was instructed that he could re-file his appeal in proper form within 15 days of receiving the rejection. *Id.* In November 2010, Plaintiff refiled his regional administrative remedy in proper form. *Id.* According to Plaintiff and undisputed by Defendants, Plaintiff received a response denying the appeal from the regional office on December 28, 2010. [Entry #27 at 4]. Plaintiff claims he then filed an appeal to the central office on January 5, 2011. *Id.* Neither Plaintiff nor Defendants have advised the court of the outcome of the final appeal.

Here, Defendants have failed to prove that Plaintiff has not exhausted his administrative remedies. "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). It appears that

Defendants' argument regarding Plaintiff's alleged failure to exhaust may now be moot, as Plaintiff filed his final appeal to the central office on January 5, 2011. Although neither party has advised the court of the outcome of Plaintiff's appeal to the central office, it is Defendants' burden to prove Plaintiff's failure to exhaust as an affirmative defense. As Defendants did not file a reply disputing Plaintiff's claims of exhaustion, the undersigned submits that the court is constrained to deny Defendants' motion to the extent it argues Plaintiff failed to exhaust his administrative remedies.[1]

B.    Subject Matter Jurisdiction

Defendants also argue this case should be dismissed for lack of subject matter jurisdiction in light of sovereign immunity. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the *Bivens* doctrine. A *Bivens* action may not be brought against agencies or departments of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Therefore, claims for monetary damages against Defendants in their official capacity are barred by the doctrine of sovereign immunity. *See Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986), *cert.*

---

[1] The court notes that because of a delay in service of process on Defendants, Plaintiff was able to exhaust his administrative remedies while this case was pending, instead of prior to filing. While the court disfavors such a result, under the unique circumstances of this case, it would be inefficient to dismiss the case at this stage to require Plaintiff to file again.

*denied*, 481 U.S. 1054 (1987); *see also Morrison v. Pettiford*, C/A No. 4:07-1504-CMC-TER, 2007 WL 4729692, *1 (D.S.C. Dec. 18, 2007). However, in the instant case, Plaintiff has not specified that he is suing Defendants in their official capacities. Therefore, the undersigned recommends the district judge deny Defendants' motion to dismiss to the extent it claims the court lacks subject matter jurisdiction over Defendants in their individual capacities.

C.   Service of Process

Defendants also assert that the court lacks personal jurisdiction against them based on insufficient service of process. Since Defendants filed their motion on December 30, 2010, Plaintiff moved for additional time and assistance in serving Defendants. The court granted Plaintiff's motion, and a review of the docket reveals that Defendants have now been served. [Entries #35–43]. Therefore, Defendants' arguments with regard to service and personal jurisdiction are now moot.

III.   Conclusion

For the foregoing reasons, it is recommended that Defendants' motion to dismiss [Entry #22] be denied.

IT IS SO RECOMMENDED.

*[signature]*

June 9, 2011                             Shiva V. Hodges
Florence, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**