IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | Civil Action No.: 1:10-cv-01909-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Phillipes, Commander Glenn, | ) | |
| Mr. Agrline, D. Couick, | ) | |
| Officer Ms. Venton, Officer Ms. Johnson, | ) | |
| Warden Rivera, Associate Warden Weir, | ) | |
| Assist. Wittman, Commander Brady, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a federal prisoner proceeding *pro se*, brought this suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is currently incarcerated at FCI-Estill in Estill, South Carolina.

On December 30, 2010, Defendants filed their [Docket Entry 22] Motion to Dismiss. Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 3, 2011, advising Plaintiff of the motion to dismiss/summary judgment procedures and the possible consequences if he failed to adequately respond. On February 9, 2011, the court received Plaintiff's timely-filed [Docket Entry 27] Response in Opposition to the Motion to Dismiss.

This matter is now before the court with the [Docket Entry 44] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on June 9, 2011. In the R & R, the Magistrate Judge recommended that the court should deny Defendants' Motion to Dismiss.

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.

*See* R & R at 8. On June 27, 2011, Defendants filed their [Docket Entry 46] Objections to the R & R, to which Plaintiff timely replied, *see* Reply [Docket Entry 48].

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

As an initial matter, the court notes that Defendants argue that Plaintiff's [Docket Entry 1] Complaint should be dismissed due to lack of subject matter jurisdiction and insufficient service of process. In her R & R, the Magistrate Judge concluded that the court should deny "Defendants' motion to dismiss to the extent it claim[ed] the court lack[ed] subject matter jurisdiction over Defendants in their individual capacities." R & R at 8. Likewise, the Magistrate Judge concluded

that Defendants have been served since the date they filed their Motion to Dismiss, and therefore their "arguments with regard to service and personal jurisdiction are . . . moot." *Id.* While Defendants did file objections to the R & R, they did <u>not</u> object to either of these recommendations. Thus, after reviewing the face of the record regarding subject matter jurisdiction and sufficiency of process for clear error and finding none, the court adopts the Magistrate Judge's recommendations regarding subject matter jurisdiction and sufficiency of process. Accordingly, the court shall deny Defendants' Motion to Dismiss on those grounds.

However, the court is concerned with the Magistrate Judge's analysis on exhaustion. Defendants argue that Plaintiff's Complaint should be dismissed based on his failure to exhaust his administrative remedies. Specifically, Defendants contend that Plaintiff did not initiate the administrative remedy process until almost three (3) months <u>after</u> he had filed the instant action. Pursuant to 42 U.S.C. § 1997e(a),[2] "prisoners must exhaust 'such administrative remedies as are available' <u>prior</u> to filing suit in federal court challenging prisoner conditions." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (emphasis added) (quoting 42 U.S.C. § 1997e(a)). Thus, it would appear to the court that Plaintiff did fail to exhaust his administrative remedies within the prison prior to filing suit in federal court.[3] <u>However</u>, Plaintiff has now raised claims that his ability to

---

[2] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[3] The Magistrate Judge, in her R & R, found that Defendants' arguments regarding exhaustion were possibly moot, noting "that because of a delay in service of process on Defendants, Plaintiff was able to exhaust his administrative remedies while this case was pending, instead of prior to filing." R & R at 7 n.1. Defendants specifically objected to this recommendation and argued that exhaustion can not be accomplished during the pendency of a litigation. *See* Obj. at 7-11. The undersigned is constrained to agree with Defendants. As discussed above, exhaustion is a precondition to filing suit in federal court. *See Moore*, 517 F.3d at 725 ("prisoners must exhaust . . . <u>prior</u> to filing suit in federal court") (emphasis added). Accordingly, courts have held that "prisoner[s], therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Green v. Rubenstein*, 644 F. Supp. 2d 723, 743 (S.D.W. Va. 2009)

properly exhaust his administrative remedies was hindered by prison officials. *See* Reply at 1-2. Because Defendants have not had an opportunity to respond to these allegations, there is nothing in the record at this time to dispute Plaintiff's claims. Accordingly, the court finds that Defendants' Motion to Dismiss should be denied at this early stage, *without prejudice* to Defendants' right to reassert their exhaustion argument later in this proceeding, including at summary judgment.

## Conclusion

The court has thoroughly reviewed the R & R, Objections, and applicable law. For the reasons stated above, the court finds that the Magistrate Judge's R & R should be adopted as modified. Accordingly, Defendants' Motion to Dismiss is hereby **DENIED** *without prejudice* to their right to reassert their exhaustion arguments.

**IT IS SO ORDERED.**

        s/R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

Florence, South Carolina
August 29, 2011

---

(quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)); *see also Johnson v. Ozmint*, 567 F. Supp. 2d 806, 815 (D.S.C. 2008) (similar holding). To permit exhaustion through the initiation of the grievance process during the pendency of the litigation would turn the exhaustion requirement on its head. Thus, while the court still ultimately denies Defendants' Motion to Dismiss for the other reasons stated in this Order, the court respectfully declines to adopt the Magistrate Judge's recommendation as to exhaustion on this basis.

4