IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | C/A No.: 1:10-1909-RBH-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden Rivera; Associate Warden Weir; Assist. Wittman; Dr. Phillipes; Commander Brady; Commander Glenn; Mr. Agrline; D. Couick; Officer Ms. Venton; Officer Ms. Johnson, | ) | |
| Defendants. | ) | |

Plaintiff Nathaniel Singleton, proceeding pro se, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff is an inmate at the Federal Correctional Institution ("FCI") in Estill, South Carolina, a facility of the Bureau of Prisons ("BOP"). Before the court is Defendants' Second Motion to Dismiss [Entry #52]. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I.   Factual and Procedural Background

Plaintiff filed his complaint in this action on July 26, 2010. [Entry #1]. Defendants filed a motion to dismiss on December 30, 2010. [Entry #22]. The undersigned issued a report and recommendation on June 9, 2011 recommending that Defendants' motion be denied. [Entry #44]. The Honorable R. Bryan Harwell adopted

the report and recommendation as modified on August 29, 2011. [Entry #50]. The district court noted that it appeared Plaintiff had failed to exhaust his administrative remedies; however, Plaintiff asserted in his objections to the report and recommendation that his ability to properly exhaust had been hindered by prison officials. Finding that Defendants had not had an opportunity to respond to Plaintiff's allegations, Judge Harwell denied Defendants' motion without prejudice to their right to reassert their exhaustion arguments.

Defendants filed their Second Motion to Dismiss on September 12, 2011. [Entry #52]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #53]. Plaintiff timely filed a response in opposition to Defendants' motion on September 29, 2011 [Entry #55] and the motion is ripe for review. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion to dismiss be granted.

Plaintiff claims Defendants, all of whom are BOP employees, have denied him medical care and, against medical restrictions, forced him to work in food service. [Entry #1 at 1]. He seeks $1,000,000 in compensatory damages for pain and suffering and $1,000,000 in punitive damages. *Id.* at 1–2.

II. Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. P. 8, a plaintiff in any civil action must do

more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

III. Analysis

Plaintiff has brought suit against employees of the BOP. As such, his constitutional claims are evaluated under *Bivens*. *Bivens* establishes, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory

4

authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *Farmer v. Brennan*, 511 U.S. 825 (1994).

Defendants have again moved to dismiss the complaint based on the defense of Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741.

Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Id.*

at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Courts do not have discretion to waive the exhaustion requirement in § 1983 cases. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 814 (D.S.C. 2008). A plaintiff's remedies must be exhausted prior to filing a lawsuit and may not be exhausted during the pendency of the litigation. *Id.* (finding plaintiff could not proceed on grievances filed after the filing of the lawsuit); *see also Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner ... may not exhaust administrative remedies during the pendency of the federal suit."). A prisoner can "properly exhaust" his administrative remedies only by following the BOP's administrative remedies procedure, as set out in 28 C.F.R. § 542.10, *et seq*. *Fair v. Holland*, No. 9:09-3118-RBH, 2010 WL 5174018, at *2 (D.S.C. Dec. 15, 2010).

The BOP has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10, *et seq*. The first step requires the inmate to file a formal written complaint with the warden of the prison on a Form BP-9. This complaint must be filed with the warden within twenty calendar days from the date of the alleged offending event. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may appeal to the Regional Director of the BOP by filing a Form BP-10 within twenty calendar days

6

of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the inmate remains dissatisfied after the Regional Director's response, the inmate may appeal to the BOP's General Counsel by filing a Form BP-11 within thirty calendar days of the date the Regional Director signed his response. *Id.* Appeal to the General Counsel is the final level of agency review. *See id.*

In the instant case, Plaintiff did not exhaust his administrative remedies before filing suit. Plaintiff filed his complaint on July 26, 2010. [Entry #1]. He did not file a Request for Administrative Remedy (Form BP-9) with the Warden at FCI Estill until September 21, 2011 at the earliest. [Entry #55 at 3; *see also* Entry #22-1 at 4]. On October 15, 2010, the Warden responded to Plaintiff's request and denied the relief he was seeking. *Id.* at 5; Entry #55 at 3. Plaintiff subsequently filed a regional administrative remedy appealing the Warden's decision that was rejected and returned to Plaintiff because it was illegible. *Id.*; Entry #27 at 4. In November 2010, Plaintiff refiled his regional administrative remedy in proper form. [Entry #55 at 3]. Plaintiff received a response denying the appeal from the regional office on December 28, 2010. *Id.* Plaintiff filed an appeal to the central office on January 5, 2011. *Id.* Plaintiff contends the appeal was denied on April 14, 2011. *Id.*

Although Plaintiff asserts Defendants hindered his ability to exhaust his administrative remedies by allegedly failing to respond to three "Inmate Requests to Staff," such documents are not grievances and are not part of the administrative remedy program. *Pearson v. Beasley*, No. 6:10-1965-RMG-KFM, 2011 WL 1598330, *4 (D.S.C.

Apr. 8, 2011), *adopted by* 2011 WL 1627984 (D.S.C. April 28, 2011). "To exhaust his administrative remedies, Plaintiff must pursue formal grievances." *Johnson*, 567 F. Supp. 2d at 815 (also noting "request to staff forms" are not grievances).

Even if "Requests to Staff" were a part of the administrative process, Plaintiff has failed to show how Defendants' alleged failure to respond prevented Plaintiff from filing a Request for Administrative Remedy prior to filing this lawsuit. Plaintiff admits he did not file a Request for Administrative Remedy until September 2010. Plaintiff has not adequately demonstrated that any action by Defendants impeded his ability to exhaust his administrative remedies or provided any cognizable reason for filing the present lawsuit prior to exhaustion.

Because the court cannot waive the PLRA's exhaustion requirement and Plaintiff admits he did not pursue administrative remedies pursuant to the BOP's three-tiered procedure until after he filed this lawsuit, the undersigned is constrained to recommend Defendants' motion to dismiss be granted.

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' motion to dismiss [Entry #52] be granted and this case be dismissed in its entirety.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 22, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).