IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| NATHANIEL SINGLETON, | Civil Action No.: 1:10-cv-01909-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| WARDEN RIVERA; ASSOCIATE WARDEN WEIR; ASSIST. WITTMAN; DR. PHILLIPES; COMMANDER BRADY; COMMANDER GLENN; MR. AGRLINE; D. COUICK; OFFICER MS. VENTON; OFFICER MS. JOHNSON, | |
| Defendants. | |

Plaintiff Nathaniel Singleton, a federal prisoner proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). After dismissal of an initial motion to dismiss, Defendants' filed another under Federal Rule of Civil Procedure 12(b)(6). The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion and dismiss Plaintiff's complaint *without prejudice*.

**Factual Background and Procedural History**

Plaintiff filed this action on July 26, 2010, alleging that Defendants, all employees of the Federal Bureau of Prisons, denied him medical care, disregarded his poor health, and forced him to perform food service. He claims their actions violated his constitutional rights and demands $1

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

million in compensatory damages and another $1 million in punitive damages. Compl. 1-2, ECF No. 1.

Defendants filed a motion to dismiss on December 30, 2010. They argued, in part, that Plaintiff failed to exhaust his administrative remedies before filing his *Bivens* action, a requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Mot. to Dismiss, ECF No. 30. After Plaintiff's response and an initial R&R from the Magistrate Judge, the Court denied Defendants' motion *without prejudice*. ECF Nos. 27, 44, & 50. The Court gave Defendants an opportunity to re-file their motion to address Plaintiff's argument that Defendants hindered him from exhausting his administrative remedies prior to filing this action. Order Den. Mot. to Dismiss 3-4, ECF No. 50.

Defendants' second motion to dismiss was filed on September 12, 2011. Second Mot. to Dismiss, ECF No. 52. Plaintiff filed a response in opposition to the motion. Resp. in Opp'n to Second Mot. to Dismiss, ECF No. 55. The Magistrate Judge issued her R&R on May 22, 2012, R&R, ECF No. 67, and Petitioner filed timely objections to the R&R, Pet'r's Objs., ECF No. 69.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### Discussion

The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice*. Specifically, she points to an admission of Plaintiff that he did not formally request an administrative remedy until September 2010, after he filed this action. Moreover, she concludes there are not sufficient facts to support his claim that Defendants hindered his ability to pursue an administrative remedy before he filed this action. R&R 8.

Plaintiff, in his objections, argues the Magistrate Judge was incorrect in her recommendation. He reiterates that Defendants prevented him from seeking an administrative remedy by not responding to his informal request to staff. According to him, filing a formal request would have been futile. Plaintiff also challenges the Magistrate Judge's finding that he admitted he lodged a formal grievance after he filed this action.

Here, there is no allegation Plaintiff properly filed or exhausted his formal administrative remedies before he filed this action. Moreover, the law is clear that an inmate-plaintiff's administrative remedies must be exhausted before a claim is filed with the district court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). As the Magistrate Judge makes clear in

3

the R&R, Plaintiff's filing of his formal grievance in September 2010 does not cure his failure to file before he brought this action.

Therefore, the issue (and the reason Defendants' first motion was denied *without prejudice*) is whether Plaintiff presented a sufficient claim that Defendants' failure to respond to his request to staff effectively prevented him from filing his formal grievance and thus met an exception to the exhaustion requirement. The Court agrees with the Magistrate Judge's conclusion that a prison official's failure to respond to a request to staff has no connection to the inability of an inmate to file formal administrative proceedings. Any requirement that Plaintiff first seek informal resolution of a grievance does not preclude an inmate's ability to avail himself of formal procedures when prison officials fail to respond in a timely manner. *See* Administrative Remedy Program, Program Statement P1330.16, Fed. Bureau of Prisons (Dec. 31, 2007) ("[Informal resolution] procedures may not operate to limit inmate access to formal filing of a Request [for Administrative Remedy]."). Here, there simply is not a sufficient allegation that Defendants prevented Plaintiff from filing a formal grievance. The Court, thus, finds no error in the Magistrate Judge's recommendation. Under § 1997e(a), the Court is without the authority to grant the relief Plaintiff seeks until he seeks it first administratively.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the complaint, the motion to dismiss, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss be **GRANTED** and that Plaintiff's complaint be **DISMISSED** *without prejudice*.

4

**IT IS SO ORDERED.**

                                                          s/ R. Bryan Harwell
                                                          R. Bryan Harwell
                                                          United States District Judge

June 12, 2012
Florence, SC